**UNITED STATES of America,
Appellee,**

v.

**Darnell LOUIS, Defendant–Appellant.**

**Docket No. 02–1388.**

United States Court of Appeals,
Second Circuit.

May 14, 2003.

David A. Lewis, The Legal Aid Society, Federal Defender Division, Appeals Bureau, New York, NY, for Appellant.

Steven H. Breslow, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney; Roslynn R. Mauskopf, United States Attorney), United States Attorney's Office for the Eastern District of New York, New York, NY, for Appellee, of counsel.

Present: LEVAL, CABRANES, Circuit Judges and MURTHA, District Judge.*

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is hereby **AFFIRMED.**

Defendant-appellant Darnell Louis appeals from a judgment of conviction entered on June 28, 2002, after defendant's conviction by a jury, sentencing Louis principally to fifty months of imprisonment for possession of a firearm following a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Defendant argues on appeal that the District Court erred (1) by excluding relevant evidence favorable to his defense (*i.e.,* the exclusion of a police officer's contemporaneous notes including the names of people the officer had searched, and statements by people that defendant was not the right man), (2) by improperly applying a two-level sentence enhancement for obstruction of justice based on allegedly intentionally false statements defendant made in a declaration in support of a motion to suppress, and (3) by improperly preventing defendant from testifying at sentencing by threatening to impose an additional two-level sentencing enhancement if the Court found that he gave intentionally false statements.

This timely appeal followed.

### A.

A district court is granted broad discretion for its evidentiary rulings. Such rulings are only reversed if they are manifestly erroneous such that the district court's decision on the admissibility of the evidence constitutes an abuse of discretion. *See, e.g., United States v. SKW Metals &*

*Alloys, Inc.,* 195 F.3d 83, 87 (2d Cir.1999); *United States v. Flaharty,* 295 F.3d 182, 191 (2d Cir.), *cert. denied,* —— U.S. ——, 123 S.Ct. 37, 154 L.Ed.2d 237 (2002), *cert. denied, Johnson v. United States,* —— U.S. ——, 123 S.Ct. 1502, 155 L.Ed.2d 241 (2003). Generally, relevant evidence is admissible so long as its probative value is not substantially outweighed by its potential for unfair prejudice. Fed.R.Evid. 401, 403. We have held that a district court "is in the best position to evaluate the evidence and its effect on the jury, [and that the district court's] rule 403 rulings are entitled to considerable deference and will not be overturned absent a clear abuse of discretion." *Constantino v. Herzog,* 203 F.3d 164, 173 (2d Cir.2000). District courts are also afforded wide latitude in their decisions to exclude evidence that poses an undue risk of prejudice and/or confusion of the issues. *See United States v. Blum,* 62 F.3d 63, 67 (2d Cir.1995).

■ The District Court held that the testimony of unspecified bystanders and Florcy Mompoint, individuals who were not eyewitnesses to the altercation or to the events that led to Louis's arrest for possession of a handgun, bore no relevance to the defendant's argument that the arresting police officers were motivated to lie and held that whatever probative value the testimony had was "vastly outweighed" by the danger of unfair prejudice and jury confusion. Additionally, both arresting officers testified that they never heard anyone claim that they were arresting the wrong individual at the time of the arrest. The Court excluded the testimony and held that "the defense's proposed use of the evidence does not have any tendency to make the existence of the fact that the defense is attempting to establish, namely that the officers have lied about seeing the

---

* The Honorable J. Garvan Murtha, of the District Court of Vermont, sitting by designation.

gun in the defendant's hand more probable than not." Gov't App. at 150.

Defendant argues that Police Officer Richard Banks's memo book was improperly excluded. The District Court excluded the notebook as hearsay, finding that Banks had testified regarding his inability to remember whether he had searched Ducaste Lamothe, a defense witness, and that the memo book could not be used to corroborate Lamothe's testimony that he was searched by Banks, stating that defense counsel was "going to try to draw inferences from a hearsay document as to what it means. You are attempting to corroborate the truth of the testimony of your witness [*i.e.*, Lamothe]." Defendant argues on appeal that the memo book was circumstantial evidence of the connection between Banks and Lamothe on the night of defendant's arrest (April 24, 2001). However, the connection between Banks and Lamothe was established by Banks's testimony that his memo book contained Lamothe's "pedigree" information (e.g., name, address, etc.), which Banks would have obtained on the night of April 24, 2001–testimony which corroborated Lamothe's testimony that Banks searched him. [Red 22]

We find no abuse of discretion in the District Court's exclusion of the testimony of the witness who did not observe the arrest and its decision that the testimony's potential prejudicial effect and the potential confusion of the jury substantially outweighed its probative value. The exclusion of Banks's memo book was harmless error, as Banks acknowledged, based on his having recorded Lamothe's pedigree information in his memo book, that he must have questioned Lamothe.

Defendant also challenges on appeal the District Court's imposition of a sentence enhancement for defendant's alleged obstruction of justice pursuant to United States Sentencing Guideline § 3C1.1 (the "Guidelines").[1] This enhancement applies if defendant willfully provided "materially false information to a judge or magistrate." U.S.S.G. § 3C1.1 cmt. (n.4 (f)). The District Court found that defendant made material, intentionally false statements in an affidavit submitted to Magistrate Judge Cheryl L. Pollack in order to bolster defendant's argument that the arresting officers improperly interrogated him prior to informing him of his *Miranda* rights. In order for a district court to find that defendant's statements were material and intentionally false, it must "review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice ... under the perjury definition." *United States v. Dunnigan*, 507 U.S. 87, 94–95, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993). The District Court must make this determination by clear and convincing evidence. *See, e.g., United States v. Kelly*, 147 F.3d 172, 178 (2d Cir.1998). However, a district court's ruling that the established facts constitute obstruction of justice is reviewed *de novo*, and "due deference [is afforded] to the district court's application of the [G]uidelines to the facts." *United States v. Cassiliano*, 137 F.3d 742, 745 (2d Cir.1998). Finally, the District Court's interpretation and application of the Guidelines to the established facts will be disturbed only if an abuse of discretion

---

1. U.S.S.G. § 3C1.1 provides

    If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of con-

    viction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels.

has occurred. *United States v. Fernandez*, 127 F.3d 277, 283 (2d Cir.1997). The District Court found that Louis's statements in an affidavit in support of a motion to suppress statements to the arresting officers were material and intentionally false. Louis stated that "One officer questioned me and I responded to him. This questioning occurred without any of the officers having advised me of any constitutional rights, particularly my right to remain silent and my right to consult my attorney." J.A. at 142–43.

Both Magistrate Judge Pollack and the District Court found "completely credible" the testimony of the arresting officers that Officer William Robbins made a comment to Louis thanking him for not shooting at the officers, that Robbins did not intend to solicit any response from Louis, that the officers asked no questions of Louis, that about forty-five seconds to one minute after Robbins's comment Louis stated that he had been acting in self-defense and that the other man was the aggressor, and that Louis's statement was made as Robbins turned away from him.

The District Court found that defendant's assertion that he was interrogated by the arresting officers without having been given a *Miranda* warning was intentionally false and material, in that it was motivated by defendant's desire to obtain the suppression of his inculpatory statements. The District Court accordingly, applied the two-level sentence enhancement.

Defendant argues on appeal that the evidence was insufficient to support a finding of willful falsity and that the District Court improperly drew inferences against him because he did not testify to his lack of willfulness. He asserts also that the Court improperly threatened him with an additional two-level enhancement under U.S.S.G. § 3C1.1, if he testified during the trial and the District Court found that defendant's explanation of his declaration was intentionally false.

■ We reject the defendant's contentions. The evidence was sufficient to support the Court's findings. Nor did the Court rely improperly on the defendant's decision not to testify. Finally, a district court is entitled to inform a defendant of the possible consequences of presenting false testimony. *See United States v. Desimone*, 119 F.3d 217, 230 (2d Cir.1997) (holding that a sentencing court may warn a defendant of the possibility of a sentence enhancement). The Supreme Court has said that, "a defendant's right to testify does not include a right to commit perjury." *Dunnigan*, 507 U.S. at 96.

Where the District Court properly warned defendant that if he testified falsely, an additional sentence enhancement would apply, the Court committed no error in advising defendant of the possible outcome of presenting false testimony. We hold that the District Court committed no error, much less clear error, in applying the two-level enhancement pursuant to U.S.S.G. § 3C1.1 for defendant's admittedly false statements in his affidavit in support of his motion to suppress.

We hereby **AFFIRM** the judgment of the District Court.